KATIE SIDWELL, Respondent, *v.* ROBERT A. GREIG and HOWELL BARLOW, Appellants.

*Agreement by adjoining owners creating a pond — a release by one party, of his rights therein, construed.*

An agreement was entered into between the owners of adjoining pieces of land for the creation of a permanent pond upon such lands, one party, in consideration of the right to overflow the lands of the other by means of a dam to be built by the former, granting to him a right of way through the former's land and all necessary landing for boats "and the use of the water so created by the aforesaid dam as a highway, and for all fishing and boating purposes."

After the dam had been built, the successor in title of the party to whom these rights of fishing and boating were given, released the other party from all action, or causes of action, by reason of a breach of the aforesaid agreement in relation to the creating of the pond, but reserved to herself the privilege of drawing water from the pond necessary for milling purposes, and further "released and discharged all the claims, easements, privileges and rights in said agreement contained (in relation to the creation of the pond), except such only as is hereinbefore expressly mentioned as being reserved."

*Held,* that such last-mentioned instrument operated to release every right, privilege and easement contained in the original agreement — including the right to fish in the pond — except the privilege of using a limited supply of water from the pond for milling purposes.

LANDON, J., dissented.

APPEAL by the defendants, Robert A. Greig and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Sullivan on the 13th day of July, 1896, upon the decision of the court rendered after a trial before the court, without a jury, at the Sullivan Trial Term.

*Daniel B. Thompson,* for the appellants.

*T. F. Bush,* for the respondent.

Judgment affirmed, with costs, on opinion below.

All concurred, except LANDON, J., dissenting.

The following is the opinion below:

CHESTER, J.:

This action is brought to recover damages for an alleged trespass by the defendants upon a certain pond claimed to be possessed and

controlled by the plaintiff. The alleged trespass consisted in fishing in the pond, and removing certain signs forbidding trespassing thereon. The action was tried before the court without a jury. It appears that prior to April, 1889, there was no pond where the one in question is now located, and that the lands upon which it is now situated were meadow lands. Walter Abendroth owned the land now covered by the southern, and Thomas A. Greig the land now covered by the northern part of the pond. In April of that year Abendroth and Greig entered into an agreement, under seal, providing for the creation of a permanent pond upon their adjacent lands. In this agreement, Abendroth, in consideration of the right to overflow the lands of Greig by means of a dam to be built at the southern end of the pond, granted to the latter a certain right of way through the lands of Abendroth and all necessary landings for boats, " and the use of the water so created by the aforesaid dam as a highway, and for all fishing and boating purposes." The dam was built under this agreement, and the pond created was used jointly between Abendroth and Greig during Greig's lifetime. Abendroth afterwards conveyed his premises to the plaintiff, and Julia T. Greig now owns the premises formerly owned by her husband, Thomas A. Greig, she having acquired them by devise under his will. After these changes in the title, and in October, 1892, the plaintiff, Katie Sidwell, whose name was then Katie Gordon, and Julia T. Greig, entered into an agreement, under seal, whereby Mrs. Greig, in consideration of the sum of $2,000 paid to her by Mrs. Gordon, and of a covenant on the latter's part to maintain and keep the dam in good order, released Mrs. Gordon from all actions or causes of actions by reason of a breach of the aforesaid agreement in relation to creating the pond, but reserved to herself the privilege of drawing water from the pond necessary for milling purposes, which water privilege was limited in amount by the agreement, and was to be used only for the mill now standing below the dam. In the last-named agreement Mrs. Greig " released and discharged all claims, easements, privileges and rights in said agreement contained (that is, in the agreement creating the pond), except such only as is hereinbefore expressly mentioned as being reserved." The right reserved, as above indicated, was the privilege of using a limited supply of water from the pond for milling purposes. Every other right,

privilege and easement contained in the original agreement was released. The claim on behalf of the defendants is that the rights to boat and to fish upon the portion of the pond over the lands of Greig, which was where the signs were removed and the fishing done by the defendants, were not rights obtained by virtue of the original agreement creating the pond, but were rights incident to the ownership of the land. I think, however, that this contention is not well founded. If the pond had not been created, there could have been no boating and no fishing upon the Greig portion of the land, for, prior to the original agreement and the erection of the dam, there was no water upon the Greig lands, and in the agreement providing for the creation of the pond, a provision is inserted for the benefit of Greig, giving him the right of the use of the water created by the dam as a highway, and for fishing and boating purposes. These were rights he secured by reason of the agreement creating the pond and the erection of the dam thereunder, and were rights, therefore, that Mrs. Greig released in the language above quoted from the last agreement. If my construction of these two instruments is correct, the plaintiff had obtained by reason of the last agreement the right to the exclusive control of this pond for all boating and fishing purposes, and, therefore, the acts of the defendants were unlawful interferences with the plaintiff's rights. She is, therefore, entitled to judgment for the stipulated amount of damages, with costs.

Judgment for plaintiff, with costs.

LANDON, J. (dissenting):

I think the defendants' construction of the two contracts is right.

A careful examination of the first contract will show that the defendants' grantor granted nothing to the plaintiff's grantor but an easement to overflow the defendants' land. All the rest of the grants and covenants in the agreement are made by the plaintiff's grantor to the defendants' grantor in consideration of the easement of overflow.

In the second agreement the defendants release all actions, damages and the like which they have or may have against the plaintiff by reason of plaintiff's breach of the first agreement. What these are is not specified, but it needs no authority to show that a release of

claims or damages caused by a breach of that contract conveys nothing and grants nothing but immunity from prosecution for infringement upon the defendants' rights. But from this release, apparently out of abundant caution, the defendants expressly except and reserve their privilege which the first agreement gave them of drawing water on plaintiff's land for defendants' mill upon defendants' other lot lying below.

The argument is inadmissible that, because she reserved rights in the defendants' land and none in her own, she thereby granted rights in her own. If plaintiff or her grantor ever had any right of fishing upon defendants' land, it was not conferred by either of these contracts.